UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SHAUN MCCUTCHEON, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Civ. No. 20-2485 (JDB) |
| v. | ) ) ) | CONSENT MOTION |
| FEDERAL ELECTION COMMISSION, | ) ) | FOR EXTENSION |
| Defendant. | ) ) ) | |

**DEFENDANT FEDERAL ELECTION COMMISSION'S CONSENT
MOTION FOR AN EXTENSION OF TIME TO FILE ITS RESPONSE TO PLAINTIFFS'
MOTION FOR A PRELIMINARY INJUNCTION**

Defendant Federal Election Commission ("Commission" or "FEC") respectfully requests a brief, one-week extension of time to file its Opposition to Plaintiffs' Motion for Preliminary Injunction. Plaintiffs have indicated through a notice filed *sua sponte* of their consent to the Court extending the deadline for the Commission's response to their motion from seven days after service under LCvR 65.1(c) to 14 days after service as provided for other types of motions under LCvR 7(b). (Doc. 2-3). The currently scheduled deadline is not apparent from the docket due to multiple failures by plaintiffs to comply with requirements that they timely provide notice of the motion papers and certify to the Court that service had occurred. The deadline is September 21. The Commission respectfully seeks an order granting the extension to which plaintiffs have consented, to September 28.

Plaintiffs filed their motion on September 4, 2020 without providing the required notice to the Commission under Federal Rule of Civil Procedure 65(a),[1] without timely serving a copy on the Commission as required under Federal Rule of Civil Procedure 5(b)(2), and without a certificate of service as required by Federal Rule of Civil Procedure 5(d)(1) and Local Rule 5.3. Plaintiffs also chose to request a preliminary injunction via motion but did so in violation of Local Rule 7(m), which imposes a mandatory duty upon parties to confer prior to filing any non-dispositive motion.[2]  The required conferral is another requirement that would have placed the Commission on earlier notice of the motion.  Six days after filing their motion, on September 10, 2020, plaintiffs emailed a courtesy copy to counsel for the Commission and sent a copy of the motion papers to the Commission via U.S. Postal Service Priority Express.  Due to the limited processing of mail and overnight-delivery packages at the FEC's office, which is largely closed due to the Covid-19 pandemic, plaintiffs' package was not delivered to the FEC office until yesterday and was not processed by the Office of General Counsel until today.  *See FEC Operations* (Aug. 10, 2020), *https://www.fec.gov/resources/cms-content/documents/status_of_fec_operations_8-10-2020.pdf*.  The Commission has thus now

---

[1]  The motion could be denied without prejudice on this ground alone.  *See, e.g.*, *Curry v. Cal. Dept. of Corr.*, No. C 09-3408, 2011 WL 855828, at *3 (N.D. Cal. Mar. 9, 2011) (denying preliminary injunction motion where plaintiffs had not "established" service of the motion due to a discrepancy in document names in their proofs of service "because notice is so critical").  Should the motion be denied without prejudice and re-filed, the Commission would be in a position to prepare a timely response to the new motion without need for an extension.

[2]  That deficiency is also alone sufficient for this Court to deny plaintiffs' motion.  *See, e.g., U.S. ex rel. Pogue v. Diabetes Treatment Ctr. of Am., Inc.*, 235 F.R.D. 521, 528–29 (D.D.C. 2006) (denying motion under Local Rule 7(m) because "failure to comply with the conference requirement is sufficient basis to deny a motion to compel").  A denial without prejudice would vindicate the purposes of the conferral requirement in the circumstances presented here.  Counsel for plaintiffs contends that conferral was not required because Commission counsel had not yet entered appearances (Mot. at 1), an exception that does not appear in Local Rule 7(m).

been able to confirm that the motion was sent for delivery on September 10 and that, absent an extension, the deadline for the Commission's response to the preliminary injunction motion is Monday, September 21, 2020.  Fed. R. Civ. P. 5(a)-(b), 6(a),(d); LCvR 65.1(c).[3]  Plaintiffs' delay in providing notice to the Commission establishes that their requested relief is not so urgent that the Commission cannot be afforded an additional seven days to prepare a response.

Good cause exists to provide an extension for other reasons as well.  Staff who are available to take on this case and a manager who must review their work had previously scheduled vacations during nearly all of the default response timeframe allotted by the local rules.  There are "several potential legal obstacles" to the conduct in which plaintiffs propose to engage, as the Complaint itself details, that must be considered in the preparation of a preliminary-injunction response.  (Compl. ¶ 19.)  The Commission lacked a quorum of four Commissioners to complete action on plaintiffs' advisory opinion request and make a determination whether the planned conduct would comply with FECA.  (Compl. ¶ 25.)

Pursuant to Local Civil Rule 7(m), counsel for the Commission has conferred with counsel for plaintiffs.  Plaintiffs consent to this motion.

A proposed order is attached.

---

[3]  Though certificates of service must be filed "within a reasonable time of service," Fed. R. Civ. P. 5(d)(1)(B)(i), none has been filed to date for plaintiffs' motion.

3

|  | Respectfully submitted, |
|---|---|
| Lisa J. Stevenson (D.C. Bar No. 457628)<br>Acting General Counsel<br>lstevenson@fec.gov | */s/ Haven G. Ward*<br>Haven G. Ward (D.C. Bar No. 976090)<br>Attorney<br>hward@fec.gov |
| Kevin Deeley<br>Associate General Counsel<br>kdeeley@fec.gov | COUNSEL FOR DEFENDANT<br>FEDERAL ELECTION COMMISSION<br>1050 First Street NE |
| Harry J. Summers<br>Assistant General Counsel<br>hsummers@fec.gov | Washington, D.C.  20463<br>(202) 694-1650<br><br>September 18, 2020 |

4